Roig Commercial Bank, demandante y apelado, *v.* R. Riancho & Co., y Manuel Pascual, demandados y apelante el segundo.

Núm. 7265.—*Sometido:* Junio 8, 1936. Resuelto: Junio 12, 1936.

*Alejandro Lamour Rivera*, abogado del apelante; *González Fagundo & González, Jr.*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Teniendo duda respecto a si el apelante no podía tal vez justificar su apelación, ordenamos la reconsideración (49 D.P.R. 643) La idea que teníamos era que el apelante podía efectivamente haber sido inducido a error con motivo de estar pendiente una moción para que se dictara sentencia sobre las alegaciones. El apelante insistió enfáticamente en que estaba bajo la impresión de que no tenía que estar pendiente del calendario mientras pendía tal moción.

Indudablemente los letrados de ordinario deben estar al tanto del señalamiento de sus casos y de la forma en que la corte procede a señalarlos. Dudamos nuevamente si el hecho de estar pendiente una moción solicitando sentencia

sobre las alegaciones, tan frecuentemente negada, relevaría, cuando ha surgido controversia en el caso, a la parte, de estar enterada de los señalamientos hechos en el calendario. No es extraordinario que una corte resuelva ciertas mociones pendientes el día señalado para el juicio.

■■ El apelante en su moción de reconsideración presentada a este tribunal dijo que no hizo solicitud de "reconsideración" a la corte inferior porque dicha corte indicó al letrado que no estaría dispuesta a alterar su decisión. Lo que sucedió en este caso fué que la corte de distrito, luego de declarar sin lugar la moción solicitando sentencia sobre las alegaciones, favoreciendo así al apelante, oyó prueba y dictó sentencia contra el demandado y apelante. La moción apropiada hubiera sido no, según dijimos en nuestra opinión, una moción de reconsideración, sino una moción para dejar sin efecto la sentencia a tenor del artículo 140 del Código de Enjuiciamiento Civil, o alguna otra. La orden de la corte declarando sin lugar tal moción hubiera sido, a nuestro juicio, apelable, y no creemos que el apelante fuera relevado de dar a la corte inferior la oportunidad de corregir.

■ El 23 de julio de 1935 la corte de distrito, a moción del apelante, ordenó se preparara la transcripción de la evidencia dentro del término de veinte días. Nada tenemos ante nos que demuestre que el apelante diera paso alguno tendente a incorporar la prueba con posterioridad al 11 de septiembre del año pasado.

Tampoco, a no ser por manifestaciones generales, se nos ha hecho una verdadera demostración de que el recurso sea meritorio. La moción para desestimar se basaba en varios fundamentos, incluyendo el de frivolidad y la falta de proseguir el recurso con diligencia, y *la misma debe ser declarada con lugar*.

El Juez Asociado Señor Córdova Dávila no intervino.